**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-20065 |
| ) | |
| **EDWARD MENDEZ,** ) | |
| ) | |
| **Defendant.** ) | |

---

**MEMORANDUM AND ORDER**

Defendant Edward Mendez filed a motion (doc. 187) asking for a 45-day extension of time to file a petition under 28 U.S.C. § 2255. The court has no authority to extend the statutory one-year limitations period. The one-year deadline for filing a § 2255 petition was set by Congress, and "any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process." *Washington v. United States*, No. 99-3383, 2000 WL 985885, at * 1 (10th Cir. July 18, 2000); *see also United States v. Duffus*, 174 F.3d 333, 337-38 (3d Cir. 1999) (approving denial of motion to amend habeas petition to add new claims because

> it would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final unless any of the other circumstances in 28 U.S.C. § 2255 are applicable.... We reiterate that if the court permitted the amendment it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final);

*United States v. Akers*, No. 04-20089, 2008 WL 5109769, at *1 (D. Kan. Dec. 2, 2008). Such judicial intervention is justified only under "extraordinary" or "rare and exceptional" circumstances. *Washington*, 2000 WL 985885, at *2 (citing *United States v. Willis*, 202 F .3d 1279, 1281 n.3 (10th Cir. 2000)). "[A]lthough the time limitation under § 2255 is subject to equitable tolling, it is clear that the mere allegation of inability of a prisoner to gather facts or gain access to documents due to lockdown status does not justify equitable tolling." *Hunter v. Davis*, No. 09-0827, 2009 WL 1810840, at *1 (D. Colo. June 24, 2009) (citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's request for an extension of time to file a petition under § 2255 (doc. 187) is denied.

**IT IS SO ORDERED** this 6th day of July, 2011.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge