## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                Case No. 07-20065-02-JWL

Edward Mendez,

        Defendant.

### MEMORANDUM & ORDER

In December 2007, Edward Mendez entered a plea of guilty to one count of possession with intent to distribute and one count of conspiracy to possess cocaine with intent to distribute. The court ultimately determined that Mr. Mendez's total offense level was 35 and assigned a criminal history category of I. The resulting advisory guideline range for imprisonment was 168 to 210 months. The court sentenced Mr. Mendez to a sentence of 180 months.

This matter is before the court on Mr. Mendez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which he asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1, 2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Mr. Mendez's total offense level is 33. With a criminal history category of I, his amended guideline range is 135 months to 168 months imprisonment. In his motion for reduction, Mr. Mendez requests that the court resentence him to 135 months imprisonment, the low end of the range. In response, the government concedes that Mr. Mendez is eligible for a reduction (and the parties agree as to the amended range) but contends that any reduction should

be limited to the same point within the amended range that the court utilized in connection with Mr. Mendez's initial sentence.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).  Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here.  In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."  *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

The court concludes that a reduction is warranted and, consistent with its practice, will resentence Mr. Mendez to the same point within the amended range as it did in connection with Mr. Mendez's original sentence.  While the court commends Mr. Mendez for his recognized efforts to rehabilitate himself, the court does not believe that a greater reduction is warranted in light of its belief that, in resentencing defendants under Amendment 782, it should endeavor to determine what sentence a particular defendant would have received had the revised Drug Quantity Table been in effect at the time of the defendant's initial sentencing.  Mr. Mendez's counsel has calculated that a sentence of 144 months represents the same guideline point in the

2

amended range as the court utilized in calculating Mr. Mendez's initial sentence of 180 months. The government does not challenge counsel's calculations and they appear accurate to the court. For the foregoing reasons, the court believes that a sentence of 144 months is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Mendez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 197) is **granted as described herein** and Mr. Mendez's sentence is **reduced from 180 months to 144 months imprisonment**. All other provisions of the amended judgment dated July 27, 2009 shall remain in effect.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2015, at Kansas City, Kansas.

**Effective Date: November 1, 2015**.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

.